THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID WADE, Appellant.

Court of Special Sessions, City of New York, Appellate Part, First Judicial Department, July 6, 1926.

Crimes — bawdy house — defendant was convicted of violation of Code of Criminal Procedure, § 899, subd. 4, for maintaining bawdy house for resort of prostitutes and drunkards — evidence does not show premises were frequented by drunkards or that defendant had knowledge persons found thereon were prostitutes — conviction reversed and complaint dismissed.

A judgment of conviction adjudging the defendant guilty of a violation of subdivision 4 of section 899 of the Code of Criminal Procedure for maintaining a bawdy house for the resort of prostitutes and drunkards should be reversed and the complaint dismissed, where the evidence fails to show that the premises were frequented by drunkards or that the defendant had knowledge that two women who had made the acquaintance of police officers who entered the premises were prostitutes.

APPEAL from a judgment of conviction had in a City Magistrates' Court, Seventh District, Borough of Manhattan, on February 11, 1926, adjudging the defendant, appellant, guilty of keeping a bawdy house and from the order to file a bond in the sum of $500 for good behavior for six months.

*Frank R. Galgano,* for the appellant.

*Joab H. Banton, District Attorney* [*Michael J. Driscoll* of counsel], for the respondent.

CITY OF NEW YORK *v.* CAPUTO. **595**

Misc. 595]    Court of Special Sessions, City of New York, June, 1926.

PER CURIAM.   The appellant was adjudged a disorderly person pursuant to provisions of section 899, subdivision 4, of the Code of Criminal Procedure.   The complaint was made by a police officer of the city of New York who stated that the appellant in the premises of 44 West Fifty-fifth street did keep a bawdy house for the resort of prostitutes and drunkards and upon conviction for this offense he was ordered to give a bond for good behavior for six months or in default of same to be confined five days in the workhouse.   From this order the appellant appeals to this court.

The motion made by the appellant at the close of the People's case to dismiss the complaint should have been granted for there is no evidence to show that the place was frequented by drunkards. There is nothing in the record to show that the appellant had brought home to him the fact that the two women who made the acquaintance of the police officers were prostitutes if indeed that be a fact.   The appellant cannot be found guilty of keeping a bawdy house unless this knowledge is brought home to him.

Judgment of conviction appealed from reversed on the law and the facts, complaint dismissed and defendant discharged.

All concur; present, KERNOCHAN, Ch. J., McINERNEY and HERBERT, JJ.